**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-1391-WJM-MJW

DR. HAROLD GENE HOLDERNESS

     Plaintiff,

v.

BIRNER DENTAL MANAGEMENT SERVICES INC., d/b/a PERFECT TEETH

     Defendant.

---

### ORDER GRANTING DEFENDANT'S FED. R. CIV. P. 12(f) MOTION TO STRIKE

---

Plaintiff Dr. Harold Gene Holderness ("Plaintiff") brings this action against his former employer, Defendant Birner Dental Management Services, Inc. d/b/a Perfect Teeth ("Defendant") alleging that he was terminated in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* ("ADEA").  (ECF No. 1.)  Before the Court is Defendant's Fed. R. Civ. P. 12(f) Motion to Strike ("Motion") which seeks to strike five paragraphs from Plaintiff's Complaint.  For the reasons set forth below, the Motion is granted.

### I.  LEGAL STANDARD

Rule 12(f) permits the Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case."  *Kimpton Hotel & Restaurant Group, LLC v. Monaco Inn, Inc.*, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008).  Striking a portion of a pleading is a drastic

remedy; the federal courts generally view motions to strike with disfavor.  5C Charles

Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2004).

## II.  ANALYSIS

Plaintiff's Complaint contains fifty-four numbered paragraphs that support one

cause of action alleging that Plaintiff was terminated in violation of the ADEA.  The first

forty-two paragraphs relate to Plaintiff's ADEA claim in that they contain foundational

information related to the parties, allege the basis for the Court's jurisdiction, and

provide the facts underlying Plaintiff's substantive claim.  Defendant does not move to

strike this portion of the Complaint.

After Plaintiff describes the events that form the basis for his ADEA claim, he

includes five paragraphs that relate to three incidents that Plaintiff describes as

"unethical practices".  (Compl. ¶¶ 43-47.)  One of these incidents involves a dentist at

another facility run by Defendant that was allegedly practicing while his license was

suspended.  (*Id*. ¶¶ 44-45.)  The other incident involves an alleged misuse of Plaintiff's

DEA number by Defendant's staff.  (*Id*. ¶¶ 46-47.)

Defendant moves to strike the paragraphs that describe these allegedly

"unethical practices" on the basis that they "are irrelevant to [Plaintiff's] age

discrimination claim, serve only to degrade Defendant's reputation, [and] unfairly

prejudice the Defendant."  (ECF No. 12 at 3-4.)  The Court may grant a motion to strike

when (1) the allegations have no bearing on the controversy and (2) the movant can

demonstrate prejudice caused by the allegations. *Kimpton Hotel & Restaurant Group,*

*LLC*, 2008 WL 140488, at *1 (citing *Sierra Club v. Young Life Campaign, Inc.*, 176 F.

Supp. 2d 1070, 1086 (D. Colo. 2001)).  "Only allegations 'so unrelated to plaintiff's claims as to be unworthy of any consideration' should be stricken."  *Id.* (citing *EEOC v. Ford Motor Co.*, 529 F. Supp. 643, 644 (D. Colo. 1982)).

The Court finds that the challenged paragraphs are so irrelevant that they should be stricken.  The Complaint makes no attempt to link the allegedly unethical events to Plaintiff's termination, his age, or the general conditions of his employment.  There is no indication that any of the actors in the allegedly unethical events were decision-makers with respect to Plaintiff's employment.  There is no allegation that either the unlicensed dentist or the misuse of Plaintiff's DEA number were at all related to Plaintiff's termination.  Thus, the Court has little difficulty concluding that the challenged paragraphs contain gratuitously impugning allegations which are not remotely relevant to this action.

Moreover, the Court finds that allowing the challenged paragraphs to remain in the Complaint would prejudice Defendant.  It is easy to see how Defendant's reputation could be harmed by allegations of allowing unlicensed dentists to practice and then falsely billing for those procedures, as well as the alleged misuse of narcotics authorization.  Additionally, and perhaps more important for purposes of the instant Motion, were these allegations to remain in the Complaint, Defendant would be forced to litigate these unrelated events, which would add to the burden on both parties' during this case.

Had Plaintiff included a claim for wrongful termination in violation of public policy or some other sort of whistle-blower cause of action, perhaps the challenged allegations would have some relevance.  But Plaintiff brings one claim alleging age discrimination,

3

and the alleged "unethical events" have nothing to do with Plaintiff's ADEA claim. The Court will not permit this age discrimination case to get bogged down by irrelevant claims about "unethical practices". *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (one of the purposes of Rule 12(f) is to "avoid the expenditure of time and money that must arise from litigating spurious issues"); *Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 676 (D. Kan. 2004) (purpose of Rule 12(f) is to minimize delay, prejudice and confusion by narrowing issues for discovery and trial). The Court therefore concludes that the challenged paragraphs should be stricken from the Complaint.

### III.  CONCLUSION

For the reasons set forth above, Defendant's Fed. R. Civ. P. 12(f) Motion to Strike (ECF No. 12) is GRANTED.  Not later than February 28, 2013, Plaintiff shall file an amended complaint which omits Paragraphs 43-47.  This amended complaint will become the operative complaint in this action.

Dated this 19th day of February, 2013.

BY THE COURT:

_____

William J. Martinez
United States District Judge